**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Michael Rohl, | : | |
| Plaintiff | : | No: |
| | : | |
| v. | : | Judge: |
| | : | |
| Commonwealth of Pennsylvania, | : | Jury Trial Demanded |
| PA State System of Higher Education, | : | |
| Defendant | : | |

**COMPLAINT**

1. Plaintiff Michael Rohl is an adult individual currently residing in Tioga County, Pennsylvania.

2. Defendant Commonwealth of Pennsylvania, PA State System of Higher Education is an agency of the Commonwealth of Pennsylvania with a central office located at 2986 N. 2nd Street, Harrisburg, Pennsylvania.

3. This court has jurisdiction over the claims asserted in this Complaint pursuant to 28 USC §1331 and §1343 and 29 U.S.C. §621, et seq.

4. Venue lies in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 USC §1391 (b).

5. On or about September 10, 2001, Plaintiff began working for the Defendant as men's and women's cross country, track, and field coach at Mansfield University on consecutive three-year rollover contracts of employment.

6. Plaintiff is over 40 years of age having been born in 1965.

7. At all times relevant to this Complaint, Plaintiff was qualified for and actually performing the men's and women's cross country, track, and field coach position at

Mansfield University at a high level, was much beloved by his student athletes, and had received excellent performance reviews during his tenure.

8. In the summer of 2020 Defendant hired a new head track and field coach, Jamal Johnson, who was 29 years of age and became Plaintiff's supervisor.

9. Plaintiff also worked under the supervision of Athletic Director, Peggy Carl, who had a key role in evaluating his performance and in determining if his three-year contracts would be renewed.

10. Carl repeatedly informed Plaintiff that the University wanted "younger" coaches, with "more energy", who can "better relate to kids" and "bring more energy to the program" and that the "day of the twenty-year-coach was over."

11. Carl and Johnson immediately began harassing and discriminating against Plaintiff for his age by attacking him in meetings, ridiculing him on social media and by email, sabotaging his ability to recruit athletes, isolating Plaintiff from meetings with athletes within his program, calling him a "complete idiot", and saying that Plaintiff was "so stupid" he did not know that they were "playing games" with him.

12. Nonetheless, Plaintiff approached Carl seeking her help with these issues, and she informed him that younger coaches were wanted for the University, coaching was a "young man's game," and that Plaintiff should find another job since he was "set in his ways."

13. On February 13, 2022 at 8:43 p.m., unable to take this age related harassment any longer, Plaintiff approached Defendant's human resources department and Joshua Battin, who was the Administrator in charge of Athletics and Carl and Johnson's

supervisor, with a formal written complaint detailing the age-related discrimination and harassment he had been receiving.

14. Just minutes later, Battin notified Carl of Plaintiff's Complaint, and Carl was extremely upset over the Complaint having been filed, voicing her displeasure with Plaintiff's complaint to co-workers and colleagues.

15. On or about April 15, 2022, and after Carl was interviewed in connection with Plaintiff's age discrimination complaint, she sent an email to Battin recommending that Plaintiff's three-year contract to continue coaching at Mansfield not be renewed.

16. This was done with less than one week left in the period for which notice of non-renewal could be served under the existing three-year coaching agreement.

17. A right to know request to Defendant revealed that there were no prior emails discussing non-renewing his contract prior to April 15, 2022.

18. On or about April 23, 2022, Plaintiff was notified that his three-year contract to continue coaching at Mansfield University was not being renewed without any reason being given; the termination date of the current contract he was working under was June 23, 2024.

19. On April 5, 2024, approximately two years later, Plaintiff was informed that the decision to not renew his agreement was to "move the . . . program in another direction."

20. This termination/non-renewal of his coaching contract was caused by age discrimination and retaliation for his report of age-discrimination.

21. The June 23, 2024 termination date was approximately 8 months before Plaintiff would be eligible for retirement.

22. Subsequently, on or about July 8, 2022, Defendant gave Plaintiff a negative performance review.

23. The pretextual reason for the negative performance review was that Plaintiff had failed to meet expectations because the cross country program had a below average season in terms of results.

24. Other coaches employed by Defendant who were young and had not reported age discrimination and whose teams had the same or worse seasons, including John Shaffer, Edith Gallagher, Amy Senefelder, and Jamal Johnson, all received performance reviews indicating that they met expectations.

25. This unsatisfactory performance review was caused by illegal age discrimination and retaliation for reporting age discrimination.

26. Defendant has a history of engaging in age discrimination in the past.

27. Plaintiff filed these claims at the EEOC In July 2022, and received the Determination of Charge and the Notice of Right to Sue on or about March 27, 2024. Exhibit 1.

**COUNT I - Disparate Treatment for age under the ADEA**

28. Paragraphs 1 through 27 are incorporated herein by reference as though set forth in full.

29. Defendant discriminated against Plaintiff for his age by recommending his employment contract not be renewed, failing to renew his employment contract on or about April 23, 2022, issuing a negative performance review based on age, discriminatorily harassing him based on his age, and discriminating against him by

4

seriously and tangibly modifying his compensation, terms, conditions or privileges of employment.

30. This discrimination was intentional and willful in that the defendant knew or showed reckless disregard for whether these actions were prohibited by the law.

31. These discriminatory actions were not done to individuals who were similarly situated as Plaintiff but younger, as indicated in this Complaint.

32. Defendant's actions as described in this Complaint constitute age discrimination in violation of the Age Discrimination in Employment Act.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant together with compensatory damages, lost wages and benefits, front pay and damages, emotional distress and pain and suffering, liquidated damages, reasonable attorneys fees, costs, and any such other relief as the court deems just and appropriate.

## COUNT II - Retaliation under the ADEA

33. Paragraphs 1 through 32 are incorporated herein by reference as though set forth in full.

34. Defendant discriminated against Plaintiff by retaliating against him for reporting age discrimination and retaliation in February 2022 as described in this Complaint

35. Plaintiff reported age discrimination to Defendant in February 2022 as described in this Complaint and had a good faith belief in doing so that his rights under the ADEA were violated.

36. Defendant subjected Plaintiff to materially adverse actions at the time or after the protected conduct took place as described in this Complaint by recommending his employment contract not be renewed, failing to renew his employment contract on or about April 23, 2022, issuing a negative performance review based on age, discriminatorily harassing him based on his age, and discriminating against him by seriously and tangibly modifying his compensation, terms, conditions or privileges of employment.

37. The protected activity caused these materially adverse actions which would not have occurred without Plaintiff's protected activity.

38. This discrimination was intentional and willful in that the defendant knew or showed reckless disregard for whether these actions were prohibited by the law.

39. These discriminatory actions were not done to individuals who were similarly situated as Plaintiff but were younger, as indicated in this Complaint.

40. Defendant's actions as described in this Complaint constitute age discrimination in violation of the Age Discrimination in Employment Act.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant together with compensatory damages, lost wages and benefits, front pay and damages, emotional distress and pain and suffering, liquidated damages, reasonable attorneys fees, costs, and any such other relief as the court deems just and appropriate.

**COUNT III - Harassment for age under the ADEA**

41. Paragraphs 1 through 40 are incorporated herein by reference as though set forth in full.

42. Plaintiff was subjected to harassment for his age by Johnson, Carl, and Battin as described in this complaint.

43. The conduct of Johnson, Carl, and Battin was not welcomed by Plaintiff and was motivated by the fact that Plaintiff was well above the age of 40.

44. This conduct was so severe and pervasive that a reasonable person in Plaintiff's position would find the environment hostile or abusive and includes all such actions listed in the Complaint as well as recommending his employment contract not be renewed, failing to renew his employment contract on or about April 23, 2022, issuing a negative performance review based on age, discriminatorily harassing him based on his age, and discriminating against him by seriously and tangibly modifying his compensation, terms, conditions or privileges of employment.

45. Plaintiff believed his work environment was hostile and abusive as a result of this conduct.

46. Plaintiff suffered adverse tangible employment actions as described in this Complaint.

47. This discrimination was intentional and willful in that the defendant knew or showed reckless disregard for whether these actions were prohibited by the law.

48. These discriminatory actions were not done to individuals who were similarly situated as Plaintiff but were younger, as indicated in this Complaint.

49. Defendant's actions as described in this Complaint constitute age discrimination in violation of the Age Discrimination in Employment Act.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant together with compensatory damages, lost wages and benefits, front pay and damages, emotional distress and pain and suffering, liquidated damages, reasonable attorneys fees, costs, and any such other relief as the court deems just and appropriate.

**SCHEMERY ZICOLELLO**

By: /s/Joshua J. Cochran
     Joshua J. Cochran
     ID No. 206807
     Attorney for Plaintiff
     333 Market Street
     Williamsport, PA 17701
     (570) 321-7554