# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ROHL, | : | |
| **Plaintiff** | : | |
| | : | No. 4:24-CV-00830 |
| v. | : | |
| | : | **Chief Judge Brann** |
| COMMONWEALTH OF PENNSYLVANIA, PA STATE SYSTEM OF HIGHER EDUCATION, | : : : : | **Electronically Filed Document** *Complaint Filed 05/20/24* |
| **Defendant** | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Commonwealth of Pennsylvania State System of Higher Education ("PASSHE"), by and through counsel, hereby files this Answer and Affirmative Defenses to the Amended Complaint (ECF Doc. 4):

1. After reasonable investigation, Defendant is without the knowledge necessary to affirm or deny the location of Plaintiff's current residence. Therefore, it must DENY the averments in this paragraph.

2. ADMITTED.

3. This paragraph is a conclusion of law to which no response is required.

4. This paragraph is a conclusion of law to which no response is required.

5. It is ADMITTED only that Plaintiff was employed at Mansfield University as a cross country and track and field coach. The remaining characterizations and averments in this paragraph are DENIED as stated.

6. ADMITTED.

7. It is ADMITTED only that Plaintiff was employed at Mansfield University as a cross country and track and field coach. The remaining characterizations and averments in this paragraph are DENIED as stated.

8. It is ADMITTED only that Jamal Johnson was employed as a track and field coach at Mansfield University. The remaining characterizations and averments regarding Mr. Johnson's working relationship with the Plaintiff are DENIED as stated. After reasonable investigation, Defendant lacks the knowledge necessary to determine Mr. Johnson's age during the summer of 2020, and therefore must DENY this averment.

9. It is ADMITTED only that Peggy Carl has served as the athletic director at Mansfield University since January 2019. The remaining characterizations and averments regarding Ms. Carl's job responsibilities and working relationship with the Plaintiff are DENIED as stated.

10. After reasonable investigation, Defendant is without the knowledge necessary to admit or deny the accuracy of the alleged quotes from Ms. Carl, particularly since there is no date associated with the quotes. The averments in this paragraph are therefore DENIED.

11. DENIED.

12. DENIED.

13. It is ADMITTED only that the parties have engaged in administrative processes as a result of Plaintiff submitting formal written complaints. After reasonable investigation, Defendant is without the knowledge necessary to admit or deny the additional details in this paragraph, particularly those related to the time/method of submission, and therefore must DENY the remaining averments in this paragraph.

14. DENIED.

15. After reasonable investigation, Defendant lacks the knowledge necessary to admit or deny the details of the contents and timing of the alleged email, and therefore must DENY the averments in this paragraph.

16. ADMITTED. Pursuant to Article 8.4.D. of Collective Bargaining Agreement[1] between the State System of Higher Education and the Association of State College and University Faculties (APSCUF), notice of nonrenewal must be given to a Coach no later than 60 days prior to the anniversary date of the Coaches contract. In Plaintiff's case, that date occurred annually on June 23.

17. After reasonable investigation, Defendant is currently without the knowledge necessary to either admit or deny assertions regarding the exact contents of

---

[1] Available at https://www.passhe.edu/hr/labor-relations/documents/cba/coaches-cba.pdf.

the alleged response to the RTK request, and therefore must DENY the averments in this paragraph.

18. It is ADMITTED only that Plaintiff's employment agreement was not renewed for his coaching position. All other averments and characterizations in this paragraph are DENIED as stated.

19. After reasonable investigation, Defendant lacks the knowledge necessary to respond to the accuracy of the quote in this paragraph, particularly since the context/forum of the quote is not provide. Therefore, the averments in this paragraph are DENIED.

20. DENIED.

21. It is ADMITTED only, based on his years of service, that Plaintiff was not eligible for retirement with annuitant healthcare until he reached the age of 60 years old. Defendant believes this would have occurred on or about April 23, 2025.

22. It is ADMITTED only that Plaintiff did receive a performance review around this time period. The remaining characterizations and averments are DENIED.

23. DENIED.

24. It is ADMITTED only that Mansfield University employees receive performance reviews as part of their employment. The remaining averments and characterizations in this paragraph are DENIED.

25. DENIED.

26. DENIED.

27. This paragraph references a document which speaks for itself and no response is required.

28. After reasonable investigation, Defendant lacks the knowledge necessary to admit or deny the details of this paragraph, and the averments within it are therefore DENIED.

## COUNT I – Disparate Treatment for age under the ADEA[2]

29. This is an incorporation paragraph to which no response is required.

30. DENIED.

31. DENIED.

32. DENIED.

33. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent that a response is required, it is DENIED that Plaintiff is entitled to any relief.

## COUNT II – Retaliation under the ADEA

34. This is an incorporation paragraph to which no response is required.

---

[2] Defendant adopts the headings utilized by Plaintiff purely for organization and convenience of the reader. In using these headings, Defendant is not making any admission regarding content and expressly denies any factual averments contained therein.

35. DENIED.

36. DENIED.

37. DENIED.

38. DENIED.

39. DENIED.

40. DENIED.

41. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent that a response is required, it is DENIED that Plaintiff is entitled to any relief.

## COUNT III – Harassment for age under the ADEA

42. This is an incorporation paragraph to which no response is required.

43. DENIED.

44. It is ADMITTED only that Plaintiff has demonstrated his displeasure with the alleged actions through various administrative processes. The remaining averments/allegations in this paragraph are DENIED.

45. DENIED.

46. Defendant lacks the knowledge necessary to admit or deny Plaintiff's beliefs, and therefore must DENY the averments in the paragraph. By way of further response, it is DENIED that there was a hostile or abusive work environment at Mansfield University.

47. DENIED.

48. DENIED.

49. DENIED.

50. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent that a response is required, it is DENIED that Plaintiff is entitled to any relief.

### COUNT IV – Discriminatory Harassment for age – PHRA

51. This is an incorporation paragraph to which no response is required.

52. DENIED.

53. DENIED.

54. DENIED.

55. DENIED.

56. It is ADMITTED only that Plaintiff has demonstrated his displeasure with the alleged actions through various administrative processes. The remaining averments/allegations in this paragraph are DENIED.

57. DENIED.

58. After reasonable investigation, Defendant lacks the information necessary to either admit or deny what alleged injuries Plaintiff experienced. Therefore, the averments in this paragraph are DENIED. By way of further response, it

is DENIED that there was a hostile or abusive work environment at Mansfield University.

59. DENIED.

60. DENIED.

61. DENIED.

62. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent that a response is required, it is DENIED that Plaintiff is entitled to any relief.

**COUNT V – Discriminatory Negative Performance Reviews for age – PHRA**

63. This is an incorporation paragraph to which no response is required.

64. It is ADMITTED only that Plaintiff received performance reviews as part of his employment. The remaining characterizations and averments in this paragraph are DENIED as stated.

65. It is ADMITTED only that the cross country program's performance can be a factor in coaching renewal decisions. The remaining averments in this paragraph are DENIED as stated.

66. DENIED.

67. It is ADMITTED only that Mansfield University employees receive performance reviews as part of their employment. The remaining averments and characterizations in this paragraph are DENIED.

68. After reasonable investigation, Defendant lacks the knowledge necessary to admit or deny the alleged injuries Plaintiff suffered, particularly those involving mental health. Therefore, the averments in this paragraph are DENIED.

69. DENIED.

70. DENIED.

71. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent that a response is required, it is DENIED that Plaintiff is entitled to any relief.

**COUNT VI – Retaliatory Negative Performance Reviews for age – PHRA**

72. This is an incorporation paragraph to which no response is required.

73. It is ADMITTED only that Plaintiff received performance reviews as part of his employment. The remaining characterizations and averments in this paragraph are DENIED as stated.

74. It is ADMITTED only that the cross country program's performance can be a factor in coaching renewal decisions. The remaining averments in this paragraph are DENIED as stated.

75. It is ADMITTED only that Mansfield University employees receive performance reviews as part of their employment. The remaining averments and characterizations in this paragraph are DENIED.

76. DENIED.

77. After reasonable investigation, Defendant lacks the knowledge necessary to admit or deny the alleged injuries Plaintiff suffered, particularly those involving mental health. Therefore, the averments in this paragraph are DENIED.

78. DENIED.

79. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent that a response is required, it is DENIED that Plaintiff is entitled to any relief.

**COUNT VI[3] – Discriminatory Termination/Failure to Renew Contract for age**

**- PHRA**

80. This is an incorporation paragraph to which no response is required.

81. After reasonable investigation, Defendant lacks the knowledge necessary to admit or deny the details of the contents and timing of the alleged email, and therefore must DENY the averments in this paragraph.

82. ADMITTED. Pursuant to Article 8.4.D. of Collective Bargaining Agreement between the State System of Higher Education and the Association of State College and University Faculties (APSCUF), notice of nonrenewal must be

---

[3] It appears the Amended Complaint inadvertently contains two "Count VI"s.

given to a Coach no later than 60 days prior to the anniversary date of the Coaches contract. In Plaintiff's case, that date occurred annually on June 23.

83. After reasonable investigation, Defendant is currently without the knowledge necessary to either admit or deny assertions regarding the exact contents of the alleged response to the RTK request, and therefore must DENY the averments in this paragraph.

84. It is ADMITTED only that Plaintiff's employment agreement was not renewed for his coaching position. All other averments and characterizations in this paragraph are DENIED as stated.

85. After reasonable investigation, Defendant lacks the knowledge necessary to respond to the accuracy of the quote in this paragraph, particularly since the context/forum of the quote is not provide. Therefore, the averments in this paragraph are DENIED.

86. DENIED.

87. After reasonable investigation, Defendant lacks the knowledge necessary to admit or deny the alleged injuries Plaintiff suffered, particularly those involving mental health. Therefore, the averments in this paragraph are DENIED.

88. DENIED.

89. DENIED.

90. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent that a response is required, it is DENIED that Plaintiff is entitled to any relief.

**COUNT VII – Retaliatory Termination/Non-renewal of Contract for age –**

**PHRA**

91. This is an incorporation paragraph to which no response is required.

92. After reasonable investigation, Defendant lacks the knowledge necessary to admit or deny the details of the contents and timing of the alleged email, and therefore must DENY the averments in this paragraph.

93. ADMITTED. Pursuant to Article 8.4.D. of Collective Bargaining Agreement between the State System of Higher Education and the Association of State College and University Faculties ("APSCUF"), notice of nonrenewal must be given to a Coach no later than 60 days prior to the anniversary date of the Coaches contract. In Plaintiff's case, that date occurred annually on June 23.

94. After reasonable investigation, Defendant is currently without the knowledge necessary to either admit or deny assertions regarding the exact contents of the alleged response to the RTK request, and therefore must DENY the averments in this paragraph.

95. It is ADMITTED only that Plaintiff's employment agreement was not renewed for his coaching position. All other averments and characterizations in this paragraph are DENIED as stated.

96. After reasonable investigation, Defendant lacks the knowledge necessary to respond to the accuracy of the quote in this paragraph, particularly since the context/forum of the quote is not provide. Therefore, the averments in this paragraph are DENIED.

97. DENIED.

98. After reasonable investigation, Defendant lacks the knowledge necessary to admit or deny the alleged injuries Plaintiff suffered, particularly those involving mental health. Therefore, the averments in this paragraph are DENIED.

99. DENIED.

100. DENIED.

This is a "wherefore" paragraph to which no response is required. To the extent that a response is required, it is DENIED that Plaintiff is entitled to any relief.

[INTENTIONAL BLANK SPACE]

## **AFFIRMATIVE DEFENSES**

In addition to the responses above, Defendant also asserts the following affirmative defenses:

101. At no time did Defendant, either individually or in concert with others, deprive or seek to deprive Plaintiff of any rights, privileges, or immunities secured by the laws of the United States and the Commonwealth of Pennsylvania.

102. Plaintiff is not entitled to, or is prohibited by law from collecting, some of the relief he has requested.

103. The Amended Complaint fails to state a claim for which relief can be granted.

104. Defendant, and its employees/assignees/designees, possessed legitimate, non-discriminatory purposes for all of their actions.

105. Plaintiff's Amended Complaint may be barred by the doctrines of estoppel, waiver, laches, exhaustion, and/or applicable statute of limitations.

106. Defendant, including its employees/assignees/designees, did not retaliate against Plaintiff in any manner as there is no causal connection between any alleged adverse action and a protected activity.

107. Neither the Defendant, nor any of its employees/assignees/designees, acted with malice, intent, gross negligence, or negligence in relation to Plaintiff's employment.

108. Defendant, and its employees/assignees/designees, acted at all times with the good-faith belief that any conduct engaged in was lawful, and are thus immune from liability by virtue of qualified, official, governmental, state, sovereign and/or any other immunity, including, but not limited to that afforded to them under the Eleventh Amendment.

109. Defendant reserves the right to raise additional affirmative defenses as they arise during litigation.

                                        **Respectfully submitted,**

                                        **MICHELLE A. HENRY**
                                        **Attorney General**

                            **By:**  *s/ Andrew J. Wollaston*
                                        **ANDREW J. WOLLASTON**

**Office of Attorney General**        **Deputy Attorney General**
**15th Floor, Strawberry Square**    **PA #322861**
**Harrisburg, PA 17120**
**Phone: (717) 480-1932**            **NICOLE R. DITOMO**
                                                  **Chief Deputy Attorney General**
awollaston@attorneygeneral.gov    **Civil Litigation Section**

**Date:  September 9, 2024**           **Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ROHL, | : | |
| **Plaintiff** | : | |
| | : | No. 4:24-CV-00830 |
| v. | : | |
| | : | **Chief Judge Brann** |
| COMMONWEALTH OF PENNSYLVANIA, PA STATE SYSTEM OF HIGHER EDUCATION, | : | **Electronically Filed Document** |
| | : | *Complaint Filed 05/20/24* |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

I, Andrew J. Wollaston, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 9, 2024, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

## VIA ELECTRONIC FILING

**Joshua J. Cochran, Esquire**
**Schemery Zicollello**
**333 Market Street**
**Williamsport, PA 17701**
josh@sz-law.com
*Counsel for Plaintiff*

                                              *s/ Andrew J. Wollaston*
                                              **ANDREW J. WOLLASTON**
                                              Deputy Attorney General